UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LORENZO JOHNSON,

Petitioner,

v.

ROBERT FENEIS, Warden,

Respondent.

Civil No. 01-2328 (PAM/ESS)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. These proceedings have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND[2]

In 1995, Petitioner pled guilty in state district court to charges of second degree felony murder and first degree assault. He was sentenced to prison terms of 150 months and 86 months, to be served consecutively, and he is presently confined at the Minnesota

[1] The applicable language in Rule 4 provides as follows:

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[2] The historical background of this case is derived from the "procedural history" section of Petitioner's "Memorandum In Support Of Petition For Writ Of Habeas Corpus." (Docket No. 2.)

FILED JAN 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Correctional Facility in Lino Lakes, Minnesota.

Following his conviction and sentence, Petitioner tried to pursue a direct appeal, but his appeal was summarily dismissed, (apparently because it was filed too late). On October 24, 1995, Petitioner filed his first state court motion for post-conviction relief. A hearing on that motion was held in January 1996, and the petition was denied by the trial court in March 1996. Thereafter, Petitioner filed a timely notice of appeal, but the Minnesota Court of Appeals affirmed the trial court's ruling. Johnson v. State, No. C6-96-597 (Minn.App. 1996), 1996 WL 495061 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's request for further review on October 15, 1996.

On December 5, 1996, Petitioner filed his second state post-conviction motion. That motion was also denied, and Petitioner again took a timely appeal. The Minnesota Court of Appeals affirmed the denial of Petitioner's second post-conviction motion, and that ruling became final on October 31, 1997, when the Minnesota Supreme Court declined to review it. Johnson v. State, No. C6-97-559 (Minn.App. 1997), 1997 WL 559730 (unpublished opinion).

Petitioner filed a third state post-conviction motion on December 29, 1999. That motion was denied by the trial court on April 27, 2000. Petitioner's subsequent appeals were rejected by the Minnesota Court of Appeals on October 31, 2000, and by the Minnesota Supreme Court on December 20, 2000. Johnson v. State, No. C8-00-879 (Minn.App. 2000), 2000 WL 1617889 (unpublished opinion).

Petitioner's present application for federal habeas corpus relief is dated December 10, 2001, and was filed eight days later on December 18, 2001. The instant petition lists five grounds for relief:

(1) "ineffective assistance of trial and appellate counsel;"

(2) "illegal consecutive sentence[s];"

(3) "denial of state created liberty interest when court failed to follow mandatory state procedure in arriving at upward departure sentence & and then applied judicial enlargement ex post facto;"

(4) "guilty plea entered which was unknowing and unintelligent as to the consequences;" and

(5) "denial of Due Process when the state wouldn't hear or adjudicate on the issues in third postconviction due to alleged 'state procedural bar.'"

(Petition, [Docket No. 1], pp. (5)-(6a).) None of these claims will be addressed on the merits, however, because the Court finds that the petition was not filed within the time limit prescribed by 28 U.S.C. § 2244(d). Instead, it will be recommended that the petition be summarily dismissed with prejudice because it is time-barred.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

> the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) would have any applicability. In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any indication that Petitioner's claims are based on any newly-recognized constitutional right or any new evidence that could not have been discovered earlier. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's conviction became final on direct review in 1995, when the Minnesota Court of Appeals summarily dismissed his direct appeal. The Eighth Circuit Court of Appeals has held, however, that the statute of limitations set forth at § 2244(d)(1) never begins to run any earlier than the date when the statute was enacted, which was April 24, 1996. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999). Therefore, although Petitioner's conviction became final, for purposes of § 2244(d)(1), in 1995, the one-year statute of limitations could not have begun to run in this case before April 24, 1996.

Petitioner did not file his present petition until December 2001, which was more than six years after his direct appeal was complete, and more than five years after the statute

of limitations was enacted. It is therefore readily apparent that the instant petition must be time-barred by the one-year statute of limitations, unless it could somehow be saved by the tolling provisions of 28 U.S.C. § 2244(d)(2). Applying § 2244(d)(2) here, the Court finds that the statute of limitations ran, and was tolled, as follows:

First, it has already been noted that the earliest date that the statute of limitations could have begun to run in this case was the date when the statute was enacted -- April 24, 1996. As of that date, however, Petitioner's first post-conviction motion was still pending. The statute of limitations was tolled during the entire time that Petitioner's first post-conviction motion was pending, including the time when he was appealing the trial court's denial of that motion. See Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999) (statute remains tolled during the entire period of time that post-conviction proceedings are pending in any of the state courts, including state appellate courts). Thus, the statute of limitations did not actually begin to run for the first time in this particular case until October 15, 1996 -- the date when the Minnesota Supreme Court declined to review the lower courts' rulings on Petitioner's first post-conviction motion.[3]

After the statute of limitations first began to run on October 15, 1996, it ran for only 50 days before being tolled again by the filing of Petitioner's second post-conviction motion on December 5, 1996. The statute was then tolled for a second time while the second post-conviction motion was pending in the state trial and appellate courts. However, on October 31, 1997, when the Minnesota Supreme Court entered its order refusing to review

---

[3] It should be noted that the statute of limitations is not tolled during the 90-day period following a state supreme court's ruling on a post-conviction motion, when a prisoner could apply for a writ of certiorari from the U.S. Supreme Court. Snow v. Ault, 238 F.3d 1033, 1035-36 (8th Cir.), cert. denied, 121 S.Ct. 1663 (2001).

Petitioner's second post-conviction motion, the statute began to run again. This time the statute ran continuously for more than two years before it was tolled once again by the filing of Petitioner's third post-conviction motion on December 29, 1999. The statute of limitations was running from November 1, 1997, until December 29, 1999 -- another 788 days.

The statute was tolled for the third time when Petitioner filed his third post-conviction motion on December 29, 1999. This time the statute was tolled for almost a full year, but it then began to run again when the Minnesota Supreme Court refused to review Petitioner's third post-conviction motion, on December 20, 2000. After that date, the statute of limitations began to run yet again, and it continued to run for another 354 days, until it was finally stopped on December 10, 2001, when Petitioner is deemed to have filed his current petition.[4]

Thus, the statute of limitations ran in this case for a total of 1192 days -- 50 days between October 15, 1996, and December 5, 1996; plus 788 days between October 31, 1997, and December 29, 1999; plus 354 days between December 20, 2000, and December 10, 2001. Needless to say, the 1192 days that the statute of limitations actually ran in this case, (which is more than three years), far exceeds the one-year limitation period prescribed by § 2244(d)(1). Therefore, even when all possible tolling periods are taken into

---

[4] Although Petitioner's habeas petition was not actually filed by the Clerk of Court until December 18, 2001, he is entitled to the benefit of the "prison mail-box rule." See Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) ("a pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"). Petitioner executed his petition on December 10, 2001, so that obviously is the earliest date when he could have given it to prison officials for mailing. Therefore, for purposes of § 2244(d), the present petition is deemed to have been filed -- and the statute of limitations finally stopped running in this case – on December 10, 2001.

consideration, the instant petition clearly is untimely.[5]

Because it plainly appears that Petitioner's present habeas corpus petition is time-barred pursuant to 28 U.S.C. § 2244(d), the Court recommends that this action be summarily dismissed pursuant to Rule 4. Moreover, because Petitioner is now statutorily ineligible for federal habeas corpus relief, it is further recommended that the action be dismissed with prejudice.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

---

[5] Petitioner might believe that a post-conviction motion does more than just temporarily stop the statute of limitations from running while the post-conviction proceedings are pending. He may think that filing a post-conviction motion actually 'resets the clock,' so that a prisoner gets a fresh new one-year limitation period that does not begin until the state post-conviction proceedings are completed. That, however, is simply not the case. See Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period").

As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 121 S.Ct. 175 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

and

2. This action be DISMISSED WITH PREJUDICE.

Dated: ~~December~~ Jan. 2, 2002

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500