UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lorenzo Johnson, Civ. File No. 01-2328 (PAM/ESS)

Petitioner,

v. **ORDER**

Robert Feneis,

Respondent.

---

This matter before is before the Court on Plaintiff's objections to the Report and Recommendation of Magistrate Judge Swearingen dated January 2, 2002.

The Court must conduct a de novo review of the portions of the Magistrate Judge's opinion which are specifically objected to. 28 U.S.C. § 636(b)(1) (2001); Fed. R. Civ. P. 72(b); Local Rule 72.1(c)(2). The Court concludes that the Magistrate Judge's Report and Recommendation is correct, and the Petitioner's habeas corpus petition should summarily be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner contends that he is entitled to the appointment of counsel to object to the Magistrate Judge's Report and Recommendation. The Sixth Amendment right to counsel does not attach at habeas corpus proceedings. However, the Court may appoint counsel for a habeas petitioner when the "interests of justice so require." 18 U.S.C. § 3006A (a)(2) (2001). In the absence of an evidentiary hearing, the appointment of counsel is discretionary. In exercising this discretion, the Court should examine both the legal and

FILED FEB 12 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD FEB 12 2002
DEPUTY CLERK

factual complexity of the case, the petitioner's ability to investigate and present his claims, and any other relevant factors. Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). However, the appointment of counsel is warranted only if the habeas petitioner meets the requirements for filing a Section 2254 petition. If it "plainly appears" that petitioner is not entitled to the relief he seeks, the Court shall summarily dismiss the habeas petition. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Here, the appointment of counsel is not warranted because Petitioner has not fulfilled the procedural prerequisites for his Petition. Habeas petitions are subject to a one-year statute of limitations, which begins to run at the date of final judgment. 28 U.S.C. § 2244(d)(1) (2001). As Magistrate Judge Swearingen thoroughly noted, the date of final judgment was 1192 days before Petitioner filed the instant Petition. This amount of time substantially exceeds the one-year limitation period prescribed by the statute. Petitioner has failed to meet the procedural requirements of filing a section 2254 petition. Therefore, Petitioner's request for appointment of counsel need not be addressed, as Petitioner is not entitled to relief on his petition.

As the statute requires, the Court has conducted a de novo review of the record regarding Magistrate Judge Swearingen's Report and Recommendation. See 28 U.S.C. § 636(b)(1) (2001); Local Rule 72.1(c). Based on that review, the Court **ADOPTS** the Report and Recommendation.

Accordingly, based on all of the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Petitioner's application for habeas corpus relief is **SUMMARILY DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 12, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995